## Bernard Carpenter, Plaintiff in Error, v. City of Chicago and Board of Commissioners of Police Pension Fund of Chicago, Defendants in Error.

### Gen. No. 22,170.

1. PLEADING, § 200*—*what is effect of demurrer.* A demurrer admits the truth of material allegations of fact in the pleading demurred to.

2. MUNICIPAL CORPORATIONS, § 143*—*when reinstated patrolman not entitled to pension.* A patrolman who has been discharged and reinstated so that his total time of service is less than twenty years is not entitled to receive a pension from the police pension fund provided for by chapter 24, Hurd's Illinois Statutes (J. & A. ¶¶ 1862-1887).

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916. *Certiorari* denied by Supreme Court (making opinion final).

A. S. GASH, for plaintiff in error.

SAMUEL A. ETTELSON, for defendants in error; JAMES W. BREEN, of counsel

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Petitioner seeks by mandamus to be placed on the pension roll of the police pension fund provided for in chapter 24, Hurd's Illinois Statutes, section 391 (Cal. Ill. St. Supp. 1916, ¶ 1862). Defeated in the trial court, he asks that the order dismissing his petition be reversed.

Petitioner alleges that he was appointed patrolman October 2, 1891, and served until March 14, 1898, when he was illegally discharged; that in October, 1908, he brought a mandamus suit alleging his illegal discharge, and a writ was issued commanding the City of Chicago

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to place his name on the roster and pay roll of patrol-
men, and that this was done on October 20, 1908, and
he continued to perform the duties of patrolman until
June 30, 1915, when he resigned; that from March 14,
1898, to October 20, 1908, he was ready to perform his
duties as patrolman; that his discharge was illegal,
and that the Circuit Court in said mandamus suit ad-
judged that it was illegal, and that during said period
he was in theory and truth a patrolman; that on June
30, 1915, he presented to defendants the civil service
register and the roster of the police department and a
certified copy of the appropriation bill, and asked that
he be allowed a pension, but the board denied this ap-
plication; that petitioner has served as patrolman on
said police force for twenty years, but defendants re-
fused on the sole ground that he was not in the actual
service for twenty years.

The city filed its amended answer admitting the ap-
pointment of petitioner as patrolman on October 2,
1891, and that he served until March 14, 1898. It de-
nies that he was illegally discharged on this last date,
but asserts it as a fact that he was legally separated
from the police department on that date in accordance
with the rules and regulations of the department and
the ordinances of the City of Chicago governing pa-
trolmen. Defendant's answer says that the petition
for mandamus was filed on April 6, 1908, and the writ
issued on August 14, 1908. The answer denies that
the Circuit Court of Cook county entered any order
in the mandamus suit holding that Carpenter was
illegally discharged; that the order reinstating him
made no reference at all to his discharge. Further
answering defendant says that petitioner is not en-
titled to the writ of mandamus for the reason that on
August 14, 1908, he executed for a valid consideration
a release under seal, releasing the city from any and
all liability and from any and all claims of any kind
or nature which accrued to him by reason of his sepa-

ration from the police department. The answer further denies that the petitioner served twenty years in the police department of the City of Chicago, and denies that his combined years of service, either in the police department or the fire department, or in both departments, amounted to twenty years, but on the contrary states the fact to be that he served only thirteen years and one month in the police department, and because of his failure to complete a service of twenty years he is not entitled to a pension. The defendant City of Chicago further answering denies that it has any power or control over the police pension fund of the City of Chicago, but asserts the fact to be that the Board of Trustees of the Police Pension Fund of the City of Chicago has exclusive control over said fund and is the only tribunal authorized by law to hear and determine applications for pensions. It denies that it has any right to order or direct that said petitioner be granted a pension.

The board of trustees of the pension fund by its amended answer says that petitioner was legally separated from the police department in accordance with the Revised Code of Chicago, which provides that the superintendent of police shall have power to remove from the police force any police patrolman. It denies that the Circuit Court of Cook county entered a finding in the mandamus suit that Carpenter was illegally discharged, and the answer sets forth a copy of the order, which directs that the name of Bernard Carpenter be placed "upon the roster of police patrolmen and upon the police pay roll of the City of Chicago, to the end that the said Bernard Carpenter may at once enter upon the performance of his duties as police patrolman, with the same right to continue in the performance thereof and receive salary therefor as he had to continue in the performance thereof and receive salary therefor prior to his discharge on the 14th day of

March, A. D. 1898.'' This defendant further states that
it was not a party to the proceedings in the Circuit
Court and was not represented in any manner by coun-
sel in said suit, and therefore any judgment, decrees
or orders entered therein are not binding upon it.  This
defendant also denies that petitioner served twenty
years in the police department of the City of Chicago,
but on the contrary states the fact to be that he served
only thirteen years and one month, and that as a result
of his failure to complete a service of twenty years he
is not entitled to receive a pension.  This defendant
also sets up the release given by Carpenter to the city
under date of August 14, 1908.  It asserts the fact
that said release was executed upon the consideration
that the City of Chicago would waive its right to ap-
peal and to sue out a writ of error from the order of
the Circuit Court of Cook county.  This defendant
further answering says that the Police Pension Board
of the City of Chicago heard petitioner's application
for a pension on July 13, 1915, and that he neglected
and failed to produce evidence before said board prov-
ing that he had been a member of the police department
for twenty years, and failed to produce any evidence
or any order of the Circuit Court of Cook county, or
any other court, finding that he had been illegally dis-
charged from the police force.  This defendant also
states that it has exclusive control of the funds of the
Police Pension Fund of the City of Chicago, and that
it has exclusive right to try and determine all appli-
cations for a pension, that it heard the application of
petitioner and that it was a question of fact whether
or not he had served the required time in the police
department to entitle him to a pension, and the board
found from the evidence introduced before it that he
had not served the required time.  This defendant
further asserts that its decisions upon the rights of
parties applying for a pension where questions of fact
are involved, are binding and not reviewable by the

courts. This defendant further says that during the period petitioner was not on the force, that is, from March 14, 1898, until reinstated in 1908, he contributed nothing to the police pension fund.

The release referred to is included in the amended answers, and thereby Carpenter released and discharged the city "from any and all claims of every kind and nature which have accrued to me at any time, and more particularly any and all claims which in any manner grew out of my discharge from the position of patrolman under the general order of the superintendent of police, of said city, heretofore made." The release recited that it was given in consideration of the city consenting to waive all right to appeal from and right to prosecute a writ of error based upon the judgment entered in the mandamus suit in the Circuit Court of Cook county.

To these amended answers petitioner filed a general demurrer which was overruled by the court, and petitioner having elected to stand by his demurrer, it was ordered that the petition be dismissed. The demurrer admitted the truth of the material allegations of fact appearing in the answers which were well pleaded. It was alleged in the answers as a fact that petitioner had not served twenty years in the police department but had served only thirteen years and one month, and this must be taken to be true. Under the statute providing for the formation and disbursement of the police pension fund, only those are entitled to a pension who "shall have served for a period of twenty years or more in the police department." We hold that this means actual service, and that petitioner is not entitled to credit for the period of time of over ten years when he was not in service. One of the reasons supporting this conclusion is found in the statute, which provides that the fund shall in part be made up from the salary of each policeman during his period of service. This clearly indicates that the pe-

riod of service for twenty years is cotemporary with the contribution or deduction from the officer's salary during this period. To hold otherwise would permit of an officer participating in a pension fund to which he might not have contributed anything. In the instant case it would permit the petitioner to share in a pension fund towards which he had not made the statutory contribution from his salary for a period of nearly half of the time upon which he bases his claim. This is contrary to any reasonable construction of the statute.

Other points are made and discussed, but what we have just said is sufficient to justify the ruling of the trial court, and its order is affirmed.

*Affirmed.*